**No. 67162.**—R. B. Comar, Inc. *v.* United States, protest 61/10992 (Charleston).

FORD, Judge:   This case involving certain chip multicolor sunbonnets appeared originally on the court calendar on May 15, 1962, at Atlanta, Ga.   At that time, the court ordered the official papers to be received in evidence and the official sample, not being available, was to be submitted to counsel for plaintiff.   The case was then transferred to New York where the official sample was to be received in evidence, if both parties could so agree.   In October 1962, this matter appeared on the New York docket, at which time it was indicated that a sample had been obtained, but the importer had not supplied a stipulation moving the sample into evidence and submitting his case.   By letter, dated June 5, 1962, Mr. W. G. Carroll requested that the case be submitted on the sample.   The court thereafter, in October 1962, ordered the case submitted on the record as made.

The merchandise herein was classified under the provisions of paragraph 1504 (b)(3) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at the rate of $2.28 per dozen and 11½ per centum ad valorem.   By protest, plaintiff herein claims said merchandise is properly dutiable as bonnets, hats, and hoods, chief value chip, at the rate of 12½ per centum ad valorem, apparently under paragraph 1504(b)(1), as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86

Treas. Dec. 121, T.D. 52739 and T.D. 52857, or as chip manufactures at 25 per centum ad valorem under paragraph 1537(a) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865 and T.D. 53877.

After an examination of the official papers, we find no reason to disturb the classification of the collector herein, which is presumptively correct.

The protest is, accordingly, overruled. Judgment will be rendered accordingly.